NOT FOR PUBLICATION

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| Santos COLON MARTINEZ, | : | |
| | : | |
| Plaintiff, | : | Civil No. 18-13468 (RBK) |
| v. | : | |
| | : | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Plaintiff Santos Colon Martinez's appeal from the Commissioner's final decision denying his application for benefits under the Social Security Act. (Doc. No. 1.)  For the reasons below, the Commissioner's decision is **AFFIRMED**.

## I.    BACKGROUND[1]

Plaintiff Santos Colon Martinez applied for disability and disability insurance benefits on December 30, 2013, alleging that he has been disabled since September 20, 2012 due to glaucoma, high blood pressure, and high cholesterol.  (R. at 90.)  Plaintiff's glaucoma caused particular issues with his left eye.  (R. at 61.)  Plaintiff's claims were denied initially and again upon reconsideration.  (R. at 10.)  Thereafter, Plaintiff requested a hearing, where Plaintiff appeared with counsel.  (R. at 49–86.)  After the hearing, the ALJ issued a decision finding that Plaintiff was not disabled.  (R. at 10–28.)  The Appeals Council denied Plaintiff's request for review,

---

[1] The Court recites only the facts that are necessary for context and to its determination on appeal, which is narrow.

rendering the ALJ's decision the Commissioner's final decision. (R. at 1–6.) Plaintiff now appeals that decision.

Plaintiff was born in 1958 and has long worked in the gaming industry. (R. at 63, 67–68.) Since 2000, Plaintiff worked as a "cage cashier" in Atlantic City. (R. at 68.) He was eventually laid off. (R. at 70.) Plaintiff testified that as a cage cashier, he took chips and money from the dealers and changed the money out. (R. at 68.) In Plaintiff's Disability Report, Plaintiff again described his job as a "casino cage cashier," a position in which he "had to stand behind the cage or booth window all the time, serving [] the casino gues[t] or player." (R. at 253.) At the hearing, the ALJ asked the Vocational Expert ("VE") if he needed more information about Plaintiff's job in the casino, and the VE answered that he did not. (R. at 69.) Based on Plaintiff's testimony and Disability Report, the VE classified Plaintiff's past work as a gambling cashier under the Dictionary of Occupational Titles ("DOT"). (R. at 78.)

After the hearing, the ALJ issued a decision finding Plaintiff not disabled under the five-step framework for deciding disability claims. (R. at 10–28.) Of all the ALJ's findings, Plaintiff's appeal only implicates two. Specifically, at step two of the sequential process, the ALJ found that Plaintiff suffered from two severe impairments: spine disorder and hypertension. (R. at 13.) The ALJ did not find Plaintiff's glaucoma and vision problems severe. (R. at 13–14.) Having found for Plaintiff at step two, the ALJ continued to consider Plaintiff's residual functional capacity ("RFC"). (R. at 16–26.) Based on Plaintiff's RFC, the ALJ concluded that Plaintiff could perform his past relevant work as a casino cashier based on how that job is generally performed in the national economy. (R. at 26.) In categorizing Plaintiff's past relevant work as a casino cashier, the ALJ relied on Plaintiff's Disability Report, his hearing testimony, and the testimony of the VE.

(R. at 26–27.)  Plaintiff now challenges the ALJ's step two and past work findings.  (Doc. No. 9 ("Pl's Br."); *see also* Doc. No. 13 ("Pl.'s Rep. Br.").)

## II.  LEGAL STANDARD

When reviewing the Commissioner's final decision, this Court is limited to determining whether the decision was supported by substantial evidence, after reviewing the administrative record as a whole.  *See Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing 42 U.S.C. §405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000).  Substantial evidence is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).  Courts may not set aside the Commissioner's decision if it is supported by substantial evidence, even if this Court "would have decided the factual inquiry differently." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001).

When reviewing a matter of this type, this Court must be wary of treating the determination of substantial evidence as a "self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983).  This Court must set aside the Commissioner's decision if it did not take into account the entire record or failed to resolve an evidentiary conflict. *See Schonewolf v. Callahan*, 927 F.Supp. 277, 284–85 (D.N.J. 1997) (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)). Evidence is not substantial if "it really constitutes not evidence but mere conclusion," or if the ALJ "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114).  A district court's review of a final determination is a "qualitative exercise

without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham." *Kent*, 710 F.2d at 114.

## III.    DISCUSSION

Plaintiff challenges the ALJ's decision on two grounds.  First, Plaintiff claims that the ALJ erred by finding his vision impairment non-severe at step two.  (Pl.'s Br. at 6.)  Second, Plaintiff claims that the ALJ erred by finding that Plaintiff could return to his past relevant work as a casino cashier.  (*Id.*)  The Court disagrees on both scores.

### A.  The ALJ Did Not Err at Step Two

The ALJ did not err at step two because "when an ALJ finds in favor of a claimant at step two, 'even if the ALJ had erroneously concluded that some of the Plaintiff's other impairments were not severe, any error would be harmless.'"  *Contreras v. Comm'r of Soc. Sec.*, No. 17-cv-13145, 2019 WL 1198913, at *6 (D.N.J. Mar. 13, 2019) (quoting *Salles v. Comm'r Soc. Sec.*, 229 F. App'x 140, 145 n.2 (3d Cir. 2006)); *see also Rivera v. Comm'r of Soc. Sec.*, 164 F. App'x 260, 262 n.2 (3d Cir. 2006) (same).  Thus, even if the ALJ here should have found Plaintiff's vision impairment severe, any such error is harmless because the ALJ found Plaintiff's spine disorder and hypertension severe.[2]  Accordingly, Plaintiff's attempt to obtain a remand based on the ALJ's step two analysis lacks merit.  *See, e.g. Desorte v. Comm'r of Soc. Sec.*, No. 17-cv-11407, 2019 WL 1238827, at *4–6 (D.N.J. Mar. 18, 2019)*; Contreras*, 2019 WL 1198913, at *6; *Bolivar v. Comm'r of Soc. Sec.*, No. 17-cv-6693, 2018 WL 5294515, at *1 (D.N.J. Oct. 25, 2018).

---

[2] The ALJ also continued to discuss Plaintiff's glaucoma and vision impairment in formulating the RFC.  (R. at 13, 23–25.)

**B. Substantial Evidence Supports the ALJ's Past Relevant Work Finding**

Plaintiff cannot obtain a remand based on the ALJ's finding that Plaintiff could perform his past relevant work as a casino cashier based on how the work is generally performed in the national economy.

Plaintiff argues that the ALJ erred by failing to classify his past work as a "composite job." (Pl.'s Br. at 14–19; Pl.'s Rep. Br. at 8–11.)  A "composite job" is a job that has "significant elements of two or more occupations and, as such, [has] no counterpart in the DOT."  *Levyash v. Colvin*, No. 16-cv-2189, 2018 WL 1559769, at *11 (D.N.J. Mar. 30, 2018).  Plaintiff asserts that his past job as a gambling cashier included significant elements of the job of a "change person." (Pl.'s Br. at 19.)

The DOT describes the functions of both a gambling cashier and a change person.  A gambling cashier is a person who:

> Accepts and pays off bets placed by patrons of cardrooms, bookmaking, or other gambling establishments: Sells color-coded gambling chips or tickets to patrons or to other workers for resale to patrons. Records transaction, using cash register. Accepts cash or checks for chips or approves patrons' credit and charges individual accounts for amount issued. Reconciles daily summaries of transactions to balance books. May accept patrons' credit applications and verify credit references to obtain check-cashing authorization. May accept bets only and be designated Bet Taker (amuse. & rec.).

DOT 211.462-022, 1991 WL 671843.  A change person is someone who:

> Exchanges coins for customer's paper money in slot machine area of gambling establishment: Walks and carries money belt in assigned section to exchange size and value of coins desired by customers. Listens for jackpot alarm bell, issues payoffs, and obtains customer's signature on receipt when winnings exceed amount contained in machine.

DOT 211.467-034, 1991 WL 671854.

Here, Plaintiff has not shown that his casino job was a "composite job" for several reasons. *See Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999) (explaining that the claimant bears the burden of showing that he cannot return to his past work).

First, the ALJ reasonably relied on Plaintiff's Disability Report and hearing testimony to find that Plaintiff worked only as a casino cashier. (R. at 26–27.) In Plaintiff's Report, Plaintiff described his own job as a "casino cage cashier," a position in which he "had to stand behind the cage or booth window all the time, serving [] the casino gues[t] or player." (R. at 253.) In his testimony, Plaintiff similarly described his job, labeling himself a "cage cashier" who took chips and money from dealers and changed out the money he took. (R. at 68; *see also* R. at 81–82.) Plaintiff's description of his own work is more akin to the tasks performed by a gambling cashier than the tasks performed by a change person.

Second, the ALJ reasonably relied on the VE's opinion to support Plaintiff's own remarks that he worked only as a gambling cashier. As another court has noted, "vocational experts have great knowledge of the difference between the way various jobs are described in the DOT and the way these jobs are actually performed in the workplace." *See Brown v. Colvin*, No. 15-cv-1758, 2016 WL 1463772, at *9 (M.D. Pa. Apr. 14, 2016). Here, the VE unequivocally classified Plaintiff's past work as a gambling cashier based on Plaintiff's testimony and Disability Report. (R. at 78.) The ALJ did not err by relying on the that testimony, particularly because it accorded with Plaintiff's own assertions and Plaintiff's counsel neither objected nor established anything to the contrary when questioning the VE himself. (R. at 81–86.) Nor can Plaintiff obtain a remand by blaming the ALJ for allegedly failing to develop the record concerning Plaintiff's job. (Pl.'s Br. at 18.) The step four burden is Plaintiff's to bear, and counsel had an opportunity to elicit testimony and develop the record to support Plaintiff's claim. *See Plummer*, 186 F.3d at 428.

Third, Plaintiff has not shown that his job included "significant elements" of the change person job. The only aspect of the change person job that Plaintiff claimed he performed is carrying coins. But Plaintiff identifies no record evidence that he did so in the slot machine area or with a money belt as a change person would.

Fourth, Plaintiff cannot establish that he worked a "composite job" simply by suggesting that because he lifted coin bags, he performed duties as a gambling cashier in excess of the duties described in the DOT. Courts within this Circuit have readily rejected similar arguments. *See, e.g.*, *Reed v. Berryhill*, 337 F. Supp. 3d 525, 529 (E.D. Pa. 2018) (rejecting argument that the claimant worked a composite job simply because the claimant contended that his "past work included additional functions beyond the DOT description of substance abuse counselor"); *see also Blum v. Berryhill*, No. 16-cv-2281, 2017 WL 2463170, at *11 (M.D. Pa. June 7, 2017) (rejecting claimant's reliance on "functions in excess of the DOT managerial description" in attempting to show that his job was "composite"). Indeed, Plaintiff does not argue that he could not perform the functions of a casino cashier as the job is *generally performed* in the national economy. *See id.* (emphasis added).

Finally, the Court rejects Plaintiff's argument to the extent it is based on non-binding cases and the agency's Program Operations Manuel System ("POMS")—its publicly available operating instructions for processing Social Security claims. (Pl.'s Br. at 15–16; Pl.'s Rep. Br. at 11.) Citing POMS provisions does "not aid [plaintiff] . . . because they lack the force of law and create no judicially-enforceable rights." *Bordes v. Comm'r of Soc. Sec.*, 235 F. App'x 853, 859 (3d Cir. 2007); *Edelman v. Comm'r of Soc. Sec.*, 83 F.3d 68, 71 n.2 (3d Cir. 1996) (same). In fact, another court within this Circuit has rejected the same argument Plaintiff makes here—that the ALJ erred

in failing to find past work "composite" based on POMS DI 25005.020(B).  *See Blum*, 2017 WL 2463170, at *10.  Thus, the Court finds no error based on a purported POMS violation.

## IV.  CONCLUSION

For the reasons above, the Court **AFFIRMS** the Commissioner's decision denying Plaintiff's application for benefits**.**  An Order shall issue.


Dated: 7/25/2019                          /s/ Robert B. Kugler
                                          ROBERT B. KUGLER
                                          United States District Judge